## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRUNO ARAUJO DOS SANTOS**             **CIVIL ACTION**

**VERSUS**             **NO. 21-416-SDD-RLB**

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 1, 2024.

                                     **RICHARD L. BOURGEOIS, JR.**
                                     **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRUNO ARAUJO DOS SANTOS**                                    **CIVIL ACTION**

**VERSUS**                                                                              **NO. 21-416-SDD-RLB**

**U.S. IMMIGRATION AND CUSTOMS**
**ENFORCEMENT, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petition for Writ of Habeas Corpus filed by Bruno Araujo Dos Santos ("Petitioner"). (R. Doc. 1).

At the time this proceeding was commenced, the *pro se* Petitioner was an alien detained at Winn Correctional Center in Winnfield, Louisiana. The Petitioner seeks relief on the grounds that he is "not a criminal" and has a Brazilian passport without any criminal history. (R. Doc. 1 at 7). Petitioner states that he was taken into immigration custody on March 3, 2021 and he was ordered removed on June 28, 2021. (R. Doc. 1 at 5). Petitioner does not otherwise describe the nature of his detention.

The Winn Correctional Center has informed the Court that Petitioner has not been held at the facility since 2021. Plaintiff has made no filings in this matter, submitted no proof of service, or made any other effort to prosecute this case in over 30 months.

The Court must determine as a threshold matter whether it has proper jurisdiction to entertain Plaintiff's habeas petition. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."). "The only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the prisoner is confined." *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (citing *Rumsfeld*

*v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001)). Accordingly, the proper responded in this action is the warden of the Winn Correctional Center, the facility in which Petitioner was held at the time the Petition was filed. *See Rumsfeld,* 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *see also Lee*, 244 F.3d at 375 n. 5 (jurisdiction in a habeas proceeding is determined as of the time a petition is filed).

Even if the Court could exercise jurisdiction over this action, Petitioner's claims would be subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding *pro se*, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Here, Plaintiff has failed to prosecute because he has failed to serve process, failed to take any further actions in this proceeding, and failed to keep the Court apprised of his address since his relocation. *See* Local Rule 41(b)(1), (4),

Based on the foregoing,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on May 1, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**